# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1817-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

J.O.,

     Defendant-Appellant,

and

H.J., F.T.A., R.K.M. and K.H.,

     Defendants.

_____

IN THE MATTER OF O.S.J.,
J.T.O., M.O., M.O., and B.O.,

     Minors.

_____

     Argued telephonically November 22, 2019 –
     Decided January 14, 2020

     Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FN-21-0116-18.

David Anthony Gies, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Robyn A. Veasey, Deputy Public Defender, of counsel; David Anthony Gies, on the briefs).

Amy M. Mc Kinsey, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Amy M. Mc Kinsey, on the brief).

Noel Christian Devlin, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Olivia Belfatto Crisp, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The Division of Child Protection and Permanency (the Division) filed this Title 9 action charging defendant J.O. with abuse and neglect of four of her six children who were between the ages of one and thirteen when she voluntarily stopped taking her methadone treatment, triggering a week-long psychotic episode, in which she failed to seek proper assistance. Following a two-day fact-finding hearing, Judge Haekyoung Suh issued an order and a twenty-nine-

page written decision on October 30, 2018, determining defendant's[1] conduct constituted abuse and neglect under N.J.S.A. 9:6-8.21(c)(4)(b).[2]

Defendant argues on appeal:

> POINT ONE
>
> THE FAMILY PART JUDGE'S CONCLUSION THAT J.O.'S CONDUCT WAS GROSSLY NEGLIGENT IS ERRONEOUS WHERE IT CATEGORICALLY THEORIZED THAT SHE SHOULD HAVE SOUGHT HELP GIVEN HER MENTAL HEALTH STATUS.
>
> POINT TWO
>
> WITHOUT CHALLENGING THE CREDIBILITY OF WITNESSES, THE FAMILY PART JUDGE'S FINDINGS OF HARM AND OF IMMINENT RISK OF HARM WERE NOT SUPPORTED BY COMPETENT, RELEVANT AND CREDIBLE EVIDENCE.

The Law Guardian supports the finding of abuse and neglect on appeal as it did before the trial judge.

We will not recite in detail the history of the Division's interactions with defendant and the children. Instead, we incorporate by reference the factual

---

[1] Although this case lists multiple defendants, unless otherwise indicated, any reference to defendant is only to J.O.

[2] On November 15, 2018, the matter was dismissed in order to proceed under a Title 30 termination of parental rights complaint.

findings and legal conclusions contained in Judge Suh's decision. Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the abuse and neglect charges strongly supports Judge Suh's findings. We add the following brief comments and highlight some significant conclusions in the judge's decision.

N.J.S.A. 9:6-8.21(c)(4)(b) provides:

> "Abused or neglected child" means . . . a child whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment; or by any other acts of a similarly serious nature requiring the aid of the court.
>
> [(Emphasis added).]

In her thoughtful opinion, Judge Suh found defendant's failure to comply with her substance abuse treatment, then not seek proper help, "reach[ed] a different level," that constituted abuse and neglect. Ibid. The judge wrote:

> The court finds [defendant] failed to exercise a minimum degree of care when she unilaterally stopped her methadone maintenance treatment program, which triggered her psychosis. She could have reported the hallucinations to her . . . therapist and received immediate care had she adhered to the court's . . . order

4

and engaged in individual counseling. Instead, she allowed the delusions to consume her and her children for days. [Defendant] is hardly the first defendant to conceal a potential problem to the Division. But given the extent of perceived dangers in the home, namely demons, spirits and ghosts, she had an affirmative duty to seek help.

Judge Suh agreed with the defense that ceasing to take medication voluntarily ordinarily does not rise to abuse or neglect, however in this situation the children's mental health was jeopardized. The judge held:

> When [defendant] experienced psychosis after she stopped taking her methadone treatment, [she] did not contact her therapist, the police, her doctors or the Division as she should have done. Instead, she called a friend and the landlord to help exorcise the evil spirits from the house. Her bizarre behavior, compounded by her failure to seek assistance, presents as a failure to exercise a minimum degree of care. If one gauge of abuse and neglect is the refusal to obtain mental health treatment when necessary, the needle here is in the red zone.

In recounting the harm to the children, Judge Suh wrote:

> . . . [Defendant] mentioned fears of her house being haunted to the children which not only upset and scared the children, but made them believe the house was in fact possessed by demons, spirits, [defendant's] deceased mother, and wizards. The children were not able to sleep upstairs for fear of the ghosts and spirits that [defendant] told them about. And when they slept downstairs, the children remained afraid. The impact on the children was significant.

The judge found defendant unreasonably inflicted harm on the children's mental and emotional health citing the testimony of the Division's expert licensed psychologist regarding his evaluation of her nine-year-old son. The judge continued:

> [Defendant's six-year-old daughter] informed the Division's caseworker that [defendant] was afraid of a wizard or spirits in the home, and [defendant's four-year-old son] expressed hysteria about how his mother hears voices in the basement. . . . Only time will tell the full impact of the emotional damage to them as a result of their exposure to [defendant].

In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence, N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge Suh's factual findings are fully supported by the record and, considering those facts, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1817-18T3